UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

FILED
'97 JUN 12 PM 3:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

ANGELA ROBERTSON and RENA McDONALD, )
    Plaintiff(s); )
)
-vs.- )    No. CV-96-P-819-S
)
MINNESOTA MINING AND MANUFACTURING COMPANY d/b/a 3M, GUIN, ALABAMA, and CLARENCE McCOLLUM, )
    Defendant(s). )

ENTERED
JUN 12 1997

## OPINION

Motions for Summary Judgment by defendants Clarence McCollum and Minnesota Mining and Manufacturing Company d/b/a 3M, Guin, Alabama ("3M") were considered at a prior motion docket. For the following reasons, 3M's motion is due to be granted in part and denied in part, and McCollum's motion is due to be granted in part and denied in part.

### Facts[1]

Plaintiff Rena McDonald began work with 3M in April, 1994. McCollum was her supervisor. During her time at 3M various co-workers told dirty jokes loudly and in close proximity to her. McCollum told McDonald frequently that she smelled good or looked pretty. McCollum cursed in McDonald's presence. McCollum put his arm around McDonald's waist on several occasions and pulled her towards him. McCollum once made a sexually explicit remark to McDonald, and several times asked if he could go home with her. After the sexually

---

1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

explicit remark, McDonald complained to another supervisor, who told her not to say anything about the comment.

Plaintiff Angela Robertson began work for 3M in March, 1995. During her probationary period, she worked on different shifts under different supervisors. She was monitored by a team of "evaluators." One of the evaluators told her wear her hair up and to ask each shift supervisor at the beginning of her shift if her hair was properly secured. Several times, when she asked McCollum about her hair, he told her to turn around and said her hair was OK. On one occasion, he asked her to pull up her shirt so he could see her behind. She said "I don't play that." He then said that he could make it hard on Robertson or easy on her. On June 4, 1995, Robertson was terminated from her employment at 3M.[2] Robertson's evaluators made the decision to terminate her based on her poor performance and one poor test score. McCollum reported to the evaluators two instances of poor performance by Robertson. One instance of poor performance was witnessed by an evaluator. Robertson disputes these instances of poor performance.

On March 29, 1996, McDonald and Robertson filed this lawsuit. In the complaint, McDonald states claims of constructive discharge, sexual harassment, hostile environment, and quid pro quo sexual harassment in violation of Title VII. Robertson states claims of sexual discrimination in termination, sexual harassment, hostile environment, and quid pro quo sexual harassment in violation of Title VII. Each plaintiff states claims of battery and invasion of privacy against both defendants. At the summary judgment stage, McDonald pursues claims of invasion of privacy and battery against McCollum and hostile environment harassment against 3M.

---

2. The plaintiffs have also submitted the affidavit of Linda Mason, a current employee, who states that while McCollum was her supervisor he touched her inappropriately, made suggestive comments, complemented her on her figure, told dirty jokes, and accused her of causing problems on the job after she did not acquiesce to his behavior.

2

Robertson pursues claims of invasion of privacy against McCollum and quid pro quo sexual harassment against 3M.[3] Therefore, the above-listed claims are the only ones remaining to be addressed in this opinion.

## Analysis

I.     Hostile Environment

To establish a prima facie case of a sexually hostile environment, a plaintiff must show that the "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (internal citations and quotations omitted). An employer is not liable under Title VII unless the employer knew or should have known that the alleged harassment was occurring and failed to take prompt remedial action. *Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311, 1316 (11th Cir. 1989). Because there exists an issue of material fact as to whether McDonald's working environment was permeated with conduct so severe that it altered the terms and conditions of her employment and as to whether 3M knew or should have known of the hostile environment, 3M's Motion for Summary Judgment as to McDonald's claim of a sexually hostile environment is due to be denied.

II.    Quid Pro Quo Sexual Harassment

Quid pro quo sexual harassment takes place when an employer alters an employee's job conditions as a result of the employee's refusal to submit to sexual demands. *Cronin v. United States Station, Inc.*, 809 F. Supp. 922, 929 (M.D. Ala. 1992). Robertson argues that after she

---

3. The remaining claims were not argued in the plaintiffs' briefs. The court assumes that the plaintiffs have abandoned those claims not addressed.

told McCollum "I don't play that," he threatened to make it hard on her, then fabricated evidence that she performed poorly upon which the evaluators relied in terminating her. 3M argues that the evaluators made the decision to terminate her, that McCollum had no power to terminate her, and that they did not rely on McCollum's statements in making their decision. Because McCollum had no power to alter the terms and conditions of Robertson's employment, 3M's Motion for Summary Judgment is due to be granted as to Robertson's quid pro quo sexual harassment claim.

However, in the absence of quid pro quo sexual harassment, Robertson has stated a claim for a sexually hostile environment. Even assuming that Robertson has stated a prima facie case of a sexually hostile environment, 3M's Motion for Summary Judgment as to Robertson's claim of a sexually hostile environment is due to be granted because Robertson did not notify the company of the harassment until after her termination after which the company took steps to investigate and remedy the situation.

III.   Battery

Under Alabama law, the tort of battery is committed when a person touches another person in rudeness or anger. *Whitlo v. Bruno's, Inc.*, 567 So. 2d 1235, 1239 (Ala. 1990). Because there is a material dispute of fact as to whether McCollum touched McDonald in an offensively rude way, McCollum's Motion for Summary Judgment is due to be denied as to McDonald's battery claim.

IV.   Invasion of Privacy

Under Alabama law, the tort of invasion of privacy is committed when a person wrongfully intrudes into one's private activities in such a manner as to cause outrage or mental suffering, shame, or humiliation to a person of ordinary sensibilities. *McIssac v. WZEW-FM*

*Corp.*, 495 So. 2d 649, 651 (Ala. 1986). Because neither Robertson nor McDonald has introduced evidence that McCollum intruded into their private activities in such a way as to cause outrage to a person of ordinary sensibilities, McCollum is due to be granted summary judgment as to the plaintiffs' claims of invasion of privacy.

Dated: June __11__, 1997

　　　　　　　　　　　　　　　　　　　　　　　/s/ Sam C. Pointer
　　　　　　　　　　　　　　　　　　　　　　Chief Judge Sam C. Pointer, Jr.

Service List:
　　Mr. Richard A. Meelheim
　　Mr. John J. Coleman, III
　　Ms. Teresa G. Minor
　　Ms. Lisa J. Cross
　　Mr. Peyton Lacy, Jr.